1  Mr. Sexual Sin de UN Abdul Blue
   823 N. Hudson Ave, #01
2  Hollywood California 90038
   323 871 4169
3  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**
4

5

Mr. Sexual Sin De Un Abdul Blue            )  Case No.:
6                                           )
           | Plaintiff,                     )  **COMPLAINT**
7                                           )
       vs.                                     **CV09-07573 PA (JEM)**
8                                           )
City of Los Angeles,                        )  **Neglect**
9                                           )  **Defamation**
                                            )  **Civil Conspiracy**
Los Angeles Police Department               )  **Civil Rights Violation**
10                                          )  **Personal Injury**
William J. Bratton,                            **Severe Emotional Distress**
11                                             **State and Federal Constitution Violation**
Officer Craig, Officer Kohr,                   **Due rights process Violation**
12                                             **Violation of the eight amendment to the**
Officer Mendoez, Officer Brower,               **united states constitution**
13                                             **Violation of the fourth amendment to the**
Officer Vinton, John Doe, John Doe,            **united States Constitution**
14
John Doe, John Doe, John Doe,
15
Sued In their official and Individual
16
Capacities,
17
           Defebdant's
18
_____
19

                    **JURY TRIAL DEMAMDED**
20
This is a civil rights action filed by the plaintiff Mr. SEXUAL BLUE, and State of
21  California parole for damages and injunctive relief under **42 USC 1983, ALLEGING DENIAL**
    **OF THE DUE PROCESS CLAUSE TO THE UNITED STATES CONSTITUTION ADMENDMENTS, AND**
22  **NEGLIGENCE.**

23
**Jurisdiction**
24

25   The court has jurisdiction over the plaintiff claims of Violation of the
     federal Constitutional rights under 42 USC 1983
26   The court has supplemental jurisdiction over the plaintiff State law tort
     claims under 28 USC 1367
27

28

                        CIVIL COMPLAINT

**PARTIES**

3.   The plaintiff, Sexual sin de un Abdul Blue, was on parole in the City of Hollywood, State of California during the events described in this complaint.

4.   The defendant's officer Craig, Officer Kirkman, Officer Kohr, Officer Vinton, Officer Mendoza, Officer Brower, are police officers for the City of Los Angeles. They are sued in their official and individual capacities.

5.   Defendants John does are police officers for the City of Los Angeles. The above defendants last and true names are presently unknown to the plaintiff so they are also listed as John does, are being sued in their official and Individual Capacities.

6.   Defendant William J. Bratton is the police Chief of police for the Los Angeles Police department and is responsible for the administration and every day operation of the Los Angeles police department including the conduct of the officers and the hiring and the firing and administration of policy and procedures of the Los Angeles Police department. He is sued in his official and Individual Capacities.

7.   The City of Los Angeles is responsible for the hiring of the Police Chief William J. Bratton, and the reviewing all administrative procedures including the pay roll of the police officers under the police department care. Being sued in its Individual and official capacities.

8.   All of the defendants have acted and continue to act, under the color of State law at all times relevant to this complaint.

9.   The plaintiff Sexual sin de Un Abdul blue at the time and during the events described in this complaint was the owner of the following business

   (a) La Cheap rent connection
   (b) Eccentric five star professional maid service
   (c) The California Times blue eagle shoppers bargain guide newspaper
   (d) Blue abacus internet Café

All four businesses located at 5634 Hollywood Blvd in the City of Hollywood California and in the County of Los Angeles.

**FACTS**

10.   On March 19, of 2009 the plaintiff Sexual Sin De Un Abdul Blue, was at his place of business when two citizens enter the establishment and requested applications for employment.

11.   Both citizens now know to the plaintiff as Alfred R. and Hayward D.

12.   Hayward D. and Alfred R was given applications for employment by the plaintiff

13.   Mr. Alfred R. and Hayward D. completed the applications for employment at the plaintiff establishment.

14.   After Hayward D. and Alfred R completed their applications for employment then they left the establishment.

15.   Hayward D. And Alfred R. then return back to the establishment proximally about 45 minutes later.

16.   When Mr. Hayward D. and Alfred R. return back to the establishment they attempted to rob the plaintiff establishment.

17.   The plaintiff was order to the back office by Alfred R. and Hayward where the plaintiff was then sexual assaulted.

18.   After the sexual assault the plaintiff was order to turn over all cash inside of the establishment.

19.   The plaintiff informed Alfred R. and Hayward D, that he does not keep cash in the office this early in the morning.

CIVIL COMPLAINT

20. The plaintiff was then order by Alfred R. and Hayward D, to open his wallet which the plaintiff obliged.
21. Alfred R. grabbed the plaintiff wallet from out of his hand and then removed the plaintiff credit cards from the wallet.
22. The plaintiff was then order to turn over to turn over the employment applications that Alfred R. and Hayward D had completed earlier.
23. Both of their applications were sitting on the plaintiff's desk one has been torn by the plaintiff prior to the suspects returning back to the established.

For the purpose of this complaint the plaintiff will call Hayward and Alfred suspects.

24. The plaintiff informed the suspects that the applications have the company personal information on them so that they could not be turn over.
25. Alfred R. notice the application sitting on the plaintiffs desk and grabbed them the plaintiff also grabbed them. They stugger for a few minutes with the application when the plaintiff was pushed against the wall by Hayward D, the other suspect putted a hammer to the plaintiff head the same hammer that was used in the sexual assault against the plaintiff in the back office.
26. When the plaintiff felled against the wall he landed next to his coreless business phone.
27. The plaintiff grabbed the phone and dialed 911
28. As the plaintiff begin to talk to the 911 dispatch operated suspect Alfred grabbed the phone from the plaintiff and pulled the phone from the wall socket
29. The plaintiff was told by the suspects that if he tried something like that again that they fuck him up and leave him for dead.
30. The suspects then order that the plaintiff give them $500.00 each in cash.
31. The plaintiff once again told the suspects that he did not keep cash inside of the establishment at 9am in the morning.
32. One of the suspects then said that we do not need to keep cash in the establishment because you have credit cards and that we are going to go to the ATM machine and make a with draw.
33. The plaintiff then informs the suspects that he could not leave because he had appointments and it was time to open the business.
34. Suspect Hayward told the plaintiff too bad, and that they did not give a fuck about the plaintiff business or appointments.
35. The plaintiff was then order out of the door with the suspects following close by hind the plaintiff. One of the suspects grabbed the plaintiff by the left arm.
36. The plaintiff was warned not to try anything funny by the suspects.
37. The plaintiff and the suspects walked to the ATM machine located at the mobile gas station on Hollywood blvd. less then 2 blocks from the establishment.
38. Once at the ATM machine the plaintiff was order to stick his credit card inside of the ATM machine.
39. The plaintiff pushed his pin number into the ATM machine as order a receipt came out of the ATM machine saying insufficient funds.
40. One of the suspects grabbed the receipt from the machine and the plaintiff credit card from the ATM machine then proceeds to put the credit card back into the machine. He punched the plaintiff pin number into the ATM machine to re do the transaction.
41. The receipt cam back out as insufficient funds a second time. The suspects once again grabbed the receipt.
42. Both suspects were mad and said to the plaintiff what type of business man are you with no funds.
43. The plaintiff was order by the suspects out of the mobile gas station.

CIVIL COMPLAINT

44. The plaintiff was told by one of the suspects that their demand of $500.00 was now $1,000 and that I they was going to the bank to with draw the cash.

45. The suspects asked the plaintiff which bank does he bank with the plaintiff told them that he banked with two banks bank of American and Washington mutual banks.

46. Plaintiff told the suspects that the bank was too far and that he had to open the door for his employees.

47. Suspect Alfred told the plaintiff that he didn't give a fuck that they were going to the bank.  Because they wanted cash and they wanted it now.

48. Hayward said to the plaintiff to start walking and to remember that they will be right being hind him.

49. The plaintiff and the suspects arrived at Washington mutual bank at approximately 12:10

50. Once inside of the bank the plaintiff was asked to sign in on the cliff board and to wait for the next reprehensive.

51. The suspects picked up the cliff board after the plaintiff had place the board down back on the table to see the plaintiff has written on the board.

52. Hayward asked the plaintiff why he didn't get in line for service.

53. The plaintiff told Hanford that for business accounts you had to see a representive.

54. When the plaintiff was called he walked to the desk as he was about to sit down at the desk he notice that the two suspects was standing right behind him.

55. The plaintiff explained to the two suspects that they could not be sitting the desk with him because this was a business account. The suspects refuse to leave. They stood there for about three minutes. The bank employee stood there looking at all three of us. I finale told them that if they did not move away and give them privatizes that he would not make any type of with drawn,

56. The suspects finally went back to their chairs. The plaintiff used this opportunity to pass a note to the bank employee informing him what was going on.

57. The bank employee whom the plaintiff now known to be Mr. Todd Schelling left the desk and went to call the police.

58. The bank employee returns about 3-4 minutes later. While he was gone the two suspects walked up to the desk and told the plaintiff that he better not is trying to do anything funny.

59. The two suspects left and went back to their chairs when Mr. Todd Schelling arrived.

60. The plaintiff and Mr. Todd Schelling pretend to be conducting bank business.

**DENIAL OF DUE PROCESS OF THE LAW AND EQUAL PROTECTION OF THE LAW**

CIVIL COMPLAINT

61. Defendants officer Craig, Officer Kirkman, Officer Marrion alone with other members of the Los Angeles Police department enter the bank with their guns drawn and forced the plaintiff and the suspects to the ground.
62. All of the customers were escorted out of the bank.
63. The plaintiff and the suspects was hand cuffed and taken outside of the bank where they were interview.
64. While at the scene, Sgt Kirkman recovered a black back pack outside of the bank which contained numerous items including a mental hammer with a wooden handle the weapon used in the assault against the plaintiff.
65. Hayward stated to one of the investigating officer at the scene that the recovered backpack was his backpack and that the reason that he left the backpack out side was so that the bank alarm would not go off.
66. The plaintiff alone with the suspects was transfer to the Los Angeles Police department to be interview.
67. Prior to the transfer the investigating officers learned that the plaintiff was on active parole.
68. Det. Vinton while at the police station during a search on the suspects recovered the torn employment applications taken from the plaintiff office from the suspects during the robbery.
69. Det. Vinton also recovers the ATM receipts from one of the suspects. All items was collected and booked into evidence at PAB property room.
70. While at the police station the plaintiff was interviewed by Vinton.
71. The suspects were interview by Det Bower and Det Vinton.
72. While the plaintiff was being interview by Det. Vinton, there was a knock at the door. When the door open on the other end of the door was Det. Went to the door and stepped out side to carry a conversation the Det. Returned 2-3 minutes later and asked the plaintiff for his code/pass word to get into his computer at the office.
73. At some point the officers learned that the plaintiff was on active parole.
74. The plaintiff was booked into the jail for parole violation in the Hollywood police station.
75. While being booked the plaintiff was told by Det. Vinton that I did not tell the truth and the suspects told a difference story and that he was going to book me for oral sex on a minor. The plaintiff then told the Det. That he had nothing else to say with out an attorney present.
76. The plaintiff was taken to UCLA medical center and given a sexual assault examination which the investigating officers wanted to use against the plaintiff to support the arrest.
77. The plaintiff heard Det. Vinton and Det Bower talking in the hall way saying that the suspects did not have a record so that they was going to release them and put a charge on the parole since he had a record and was on active parole.

**NEGLECT AND CIVIL CONSPIRACY**

78. The plaintiff told the Det. To obtain the 911 tapes and video camera from the mobile gas station and ATM machine as well as finger prints from his ATM card and the Telephone from the office which they refuse to do.
79. The plaintiff was told by Det. Vinton that they did not believe his story. The detective said that they believed that the robbery took place but not the kid-napping and the sexual assault.

80. The plaintiff was told that they had already searched his business and found sedan in the bath room sink and on the floor in the office

81. The plaintiff watched in disbelief as the suspects walked out of the back door with their back pack as he sat on a bench with hand cuffs chain to the bench.

CIVIL COMPLAINT

82. The plaintiff was booked for oral sex with a minor under California penal code section 288 (a) (b) (1). The plaintiff was place in the section of the jail for violate sex offenders

83. The plaintiff was listed on the Los Angeles County jail as a sex offender

84. The defendants went to elaborate extremes to cover up the fact that the plaintiff was the victim of a very violate crime in order to satisfy their twisted needs. The plaintiff was the defendants latest puzzle piece. The defendant's job as law enforcement officers is to discover the truth and use the truth to do justice. Which they did not do in the case at bar. Rogue cops should not be intolerable in this free society.

85. On or about April 27, of 2009 the plaintiff received a letter from his mother asked him why was he incarcerated for a sex crime. She indicated that she had received several phone calls from family members and friends of mine asked abut the sex crime on a minor.

## VIOLATION OF THE CONSITUTION TO THE UNITED STATES

86. The plaintiff mother told him that the officers had searched the plaintiff business in order to search for evident to convict the plaintiff.
87. The plaintiff contends that he had a "legitimate of privacy" at his place of business. No search warrant was obtained and the search took place while the plaintiff was in custody at the Hollywood police station and that the arrest did not take place at his place of business. The arrest took place at at the bank three miles away from the plaintiff place of business.
88. As the direct result of the defendants conduct and actions the plaintiff name has been slander.
89. As the direct result of the defendant's horrendous actions and conduct the plaintiff business blue abacus internet cafe was forced to close.
90. As the direct result of the defendants unbelievable action and intentional planed actions the plaintiff business La Cheap Rent Connection and The California Blue Eagle Shoppers Bargain Guide newspaper and his business Eccentric exotic five star Professional Maid service was force out of business said actions was foreseeable.
91. As the result conduct of the defendants the plaintiff was evicted from his two residents.
92. As of today date the plaintiff has not been able to recover and has been deemed homeless and force to sleep on the danger streets of Los Angeles up on his release from prison.
93. As the direct result of the defendant's action the plaintiff is in unbelievable debt in business and personal debt.
94. The defendants have abused the power. Their conduct is outrageous as sworn officers of the law they violated both the federal and State laws.
95. The defendant's refusal to investigate the plaintiff claims and take the neccerary actins as require by law is a direct violation of the bill of rights due process clause and the federal constitution to the due right of the law clause and equal protection of the law.
96. Failure to investigate and to prosecute the suspects when the evidence is clear because the plaintiff parole status constitute deliberate indifference and contributed to and proximately caused the above described constitutional violations which was intentional and foreseeable.

**DEFENDANTS CONSIPIRE TO COMMIT FRAUD BY MINIMIZATION AND INTENTIONAL ACT OF MANUFACTURE AND FEBRICATION OF THE EVIDENCE**

97. On the 08th of April of 2009, the plaintiff attended a parole revocational proceeding for the charge of Oral copulation of a minor or non consenting adult in violation of California penal code section 288. Present at said hearing was Attorney Meighan Teresa for the plaintiff. Because of the seriousness of the charge the plaintiff was offer 10 months by the parole department said offer was rejected by the plaintiff and his attorney.

98. On April 20th of 2009 a parole revocatonal hearing was held at the Los Angeles county jail said hearing was recorded and all parties sworn under oath. Present at said hearing was parole hearing agent F. Perez, and parole agent Brandley Slavash as witness for the parole department. Also called as a witness was Officer Craig.

99. Witness Hayward and Alfred did not attend said hearing according to the record they could not be served a subpoena because the Los Angeles Police department did not obtain their address prior to releasing them.

100. Defendant Craig testified at said hearing that it was his personal opinion that the plaintiff concocted the story that he was robbed to the bank.

101. When Officer Craig was asked why he believed that the plaintiff concocted the story of being robbed to the bank the defendant officer Craig said that the bank was 2 miles from the plaintiff business.

102. The plaintiff contends by his complaint that this is no reason not to investigate the fact that the plaintiff was sexual assaulted and robbed s well as kid napped especially when there is solid evidence.

103. The defendant officer Craig did everything within his power at said hearing including manufacture and fabrication of the evidence to convict the plaintiff at said hearing.

104. At said hearing officer Craig as evidence a property receipt for items recover at the scene and from the suspects. The defendant testified that the items belonged to the plaintiff however the police reported said that the items was recover from the two suspects and that they admitted to the items as being theirs. Officer testified that the police reports in this case were wrong.

105. The failure of the defendants to hold the suspects responsible and to investigate this outrageous crime against the plaintiff denied the plaintiff the due right protection incorporated in the constitution which he is entitle to and constituted due process of the law in direct violation of the constitution to the United States constitution.

106. The search of the plaintiff business with out a search warrant signed by a judge and removing the plaintiff keys from his personal property in order to carry out said search violates the plaintiff right to unlawful searches in violation of both the State and Federal constitution.

107. The Los Angeles police department can not continue to be allowing to manipulation citizens because of their parole status while living in a free society.

108. This conduct by the defendants is at best irresponsible and insane. The plaintiff was a part for the defendants "High states poker game" the defendants is playing.

CIVIL COMPLAINT

RELIEF REQUESTED

WHEREFORE, plaintiff requests that the court grant the following relief;

A.   Issue a declaratory judgment stating that;

1.   The abuse of the plaintiff by the defendants violated the plaintiff rights under the federal and State law
2.   The defendant's failure to investigate and prosecute the persons that is responsible for the crimes against the plaintiff violated the plaintiff right to equal protection of the law.
3.   Defendant Craig actions at the plaintiff parole hearing and his action in sustaining said action violated the plaintiff rights under the due right clause.
4.   Defendant William J, Bratton actions in failing to protect the plaintiff rights to equal protection of the law violated the plaintiff rights and continues to violate the plaintiff rights under the eight amendments to the United States constitution.
5.   The illegal search of the plaintiff business without a warrant to search said business violated and continue to violate the plaintiff right to equal protection under the fourth amendment to the united state of the constitution.

B.   Issue an injunction ordering Defendants City of Los Angeles, and Los Angeles police department, William J. Bratton, Officer Craig, Kirkman, Kohr, Vinton, Mendoza, Brower, and John doe.
1.   Expunge the disciplinary convictions in this complaint from the institutional record.
2.   Develop a written policy on parolees and public safety which should include a ban on parole arrest with lack of evidence and or charges without the needed evidence to sub stand a charge against the parolee with the district attorney office and to investigate all claims or complaints of Angelinos including those that are on parole.

C.   AWARD COMPENSATORY DAMAGES IN THE FOLLOWING AMOUNTS

1.   $100,000.00 JOINTLY AND SEVERALLY AGAINST DEFENDANTS Craig, Kirkman, Vinton, Kohr, Mendoza, Brower, John Doe, for the punishment and emotional and physical injury resulting from their denied of due process in connection with the plaintiff parole revocational hearing disciplinary proceeding.
2.   $16,000.00 jointly and severally against the defendants for emotional and physical injury resulting from failure to provide adequate protection to the plaintiff and for violating the plaintiff constitutional rights which the plaintiff is entitled.
3.   $15,000,00 jointly and severally against defendants for economic damages incorporated with the loss of future earnings.
4.   $1,900,00 for non-economic damages.

CIVIL COMPLAINT

1

D.   Award punitive damages against the defendants
E.   Grant such other relief as it may appear that the plaintiff is entitled.

2

3

4

5

October 6, 2009

6

7

8    **Respectfully Submitted,**

9

10   **Mr. Sexual Sin De Un Abdul Blue**
     **823 North Hudson Avenue, apt 01**
11   **Hollywood California 90038**

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CIVIL COMPLAINT