1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

11

| | | |
|---|---|---|
| SEXUAL SIN DE UN ABDUL BLUE, | ) | Case No. CV 09-7573-PA (JEM) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING COMPLAINT WITH LEAVE |
| v. | ) | TO AMEND |
| | ) | |
| CITY OF LOS ANGELES, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

12

13

14

15

16

17

18        On November 6, 2009, Sexual Sin De Un Abdul Blue ("plaintiff"), proceeding pro se

19  and in forma pauperis, filed a civil rights complaint pursuant to 28 U.S.C. § 1983

20  ("Complaint").

21                         **SCREENING STANDARDS**

22        In accordance with the provisions governing in forma pauperis proceedings, the

23  Court must screen the complaint before ordering service to determine whether the action:

24  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3)

25  seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. §

26  1915(e)(2).  This screening is governed by the following standards:

27        A complaint may be dismissed as a matter of law for failure to state a claim for two

28  reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

1   alleged insufficient facts under a cognizable legal theory.  Balistreri v. Pacifica Police Dep't,

2   901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on

3   which relief may be granted, allegations of material fact are taken as true and construed in

4   the light most favorable to the plaintiff.  Love v. United States, 915 F.2d 1242, 1245 (9th Cir.

5   1989).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual

6   allegations."  Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989).  "'[A] liberal interpretation of

7   a civil rights complaint may not supply essential elements of the claim that were not initially

8   pled.'"  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

9   Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

10          Although a complaint "does not need detailed factual allegations" to survive

11   dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic

12   recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly,

13   550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in

14   Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations

15   sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely

16   possible or conceivable.  Id. at 557, 570.

17          Simply put, the complaint must contain "enough facts to state a claim to relief that is

18   plausible on its face."  Id. at 570.  A claim has facial plausibility when the complaint presents

19   enough facts "to draw the reasonable inference that the defendant is liable."  Ashcroft v.

20   Iqbal, ___U.S. ___, 129 S. Ct. 1937, 1949 (2009).  This standard is not a probability

21   requirement, but "it asks for more than a sheer possibility that a defendant has acted

22   unlawfully."  Id.  A complaint that pleads facts that are merely consistent with liability stops

23   short of the line between possibility and plausibility.  Id.

24          In a pro se civil rights case, the complaint must be construed liberally to afford

25   plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621,

26   623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a

27   claim, the plaintiff should be given a statement of the complaint's deficiencies and an

28   opportunity to cure.  Id.  Only if it is absolutely clear that the deficiencies cannot be cured by

1 | amendment should the complaint be dismissed without leave to amend. Id. at 623; see also

2 | Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

3 |       After careful review and consideration of the Complaint under the relevant standards

4 | and for the reasons discussed below, the Court finds that plaintiff has failed to state a claim

5 | on which relief may be granted and **ORDERS** the Complaint **DISMISSED WITH LEAVE TO**

6 | **AMEND.**

7 | **PLAINTIFF'S ALLEGATIONS**

8 |       Plaintiff alleges that he was on parole at the times relevant to the Complaint.

9 | (Complaint, ¶ 3.) On March 19, 2009, he was at his place of business when two juvenile

10 | males, Alfred R. and Hayward D., entered and asked for employment applications. (Id., ¶

11 | 10.) After filling out the applications, the two juveniles left. (Id., ¶ 13-14.) Forty-five minutes

12 | later, they returned, robbed plaintiff, and sexually assaulted him. (Id., ¶¶ 15-31.) Alfred R.

13 | and Hayward D. then took plaintiff by force to an ATM machine and attempted to force him

14 | to withdraw money. (Id., ¶¶ 32-43.) When they were unsuccessful, they forced plaintiff into

15 | the bank to withdraw money. (Id., ¶¶ 44-55.) Plaintiff alerted a bank employee to his

16 | predicament, and the bank employee called the police. (Id., ¶¶ 56-60.) The police arrived

17 | and arrested plaintiff, Alfred R., and Hayward D. (Id., ¶¶ 61-63.) Outside the bank, the

18 | police interviewed all three and found evidence that would corroborate plaintiff's story. (Id.,

19 | ¶¶ 63-65.) Police transported plaintiff, Alfred R., and Hayward D. to the police station. (Id.,

20 | ¶ 66.) At some point, the police learned that plaintiff was on parole. (Id., ¶ 67.) At the

21 | police station, police found ATM receipts and torn employment applications that would

22 | corroborate plaintiff's story. (Id., ¶¶ 68-69.) Plaintiff, Alfred R., and Hayward D. were

23 | interviewed separately. (Id., ¶¶ 70-71.) Following the interviews, plaintiff was told that the

24 | officers did not believe him and that he was being booked for oral sex on a minor, based on

25 | statements made by Alfred R. and/or Hayward D. (Id., ¶¶ 68-75, 78-79.) Plaintiff was taken

26 | to UCLA Medical Center and given a sexual assault examination. (Id., ¶ 76.) Alfred R. and

27 | Hayward D. were released from custody. (Id., ¶ 81.) Plaintiff was booked on charges of

28 |

1  oral sex with a minor under Cal. Penal Code § 288(a)(b)(1). (Id., ¶ 82.) Plaintiff was placed

2  in the section of Los Angeles County jail for sex offenders. (Id., ¶¶ 82-83.)

3       While he was incarcerated, police searched plaintiff's business without a warrant.

4  (Complaint, ¶¶ 80, 86-87, 106.) As a result of the police's actions, plaintiff was slandered,

5  was forced to close his various businesses, was evicted from his residence, and is in deep

6  debt. (Id., ¶¶ 88-93.)

7       On April 20, 2009, plaintiff appeared at a parole revocation hearing on the charge of

8  lewd or lascivious acts upon a minor in violation of Cal. Penal Code § 288. (Id., ¶¶ 97-98.)

9  It appears that plaintiff was found guilty as charged. (Id., ¶ 103.) At the hearing, Officer

10  Craig testified that it was his opinion that plaintiff had concocted the story of the robbery.

11  (Id., ¶¶ 100-101.) Officer Craig "did everything within his power at said hearing including

12  manufacture and fabrication of the evidence to convict the plaintiff at said hearing." (Id., ¶

13  103.)

14       Plaintiff names as defendants the City of Los Angeles (the "City"), the Los Angeles

15  Police Department ("LAPD"), Police Chief William J. Bratton, Officer Craig, Officer Mendoez,

16  Officer Brower, Officer Vinton, and John Does 1 through 5. He sues all of the individual

17  defendants in both their official and individual capacities.

18       Although his claims are difficult to decipher, plaintiff appears to allege:  (1) police

19  officers failed to investigate plaintiff's allegations of sexual assault and robbery against Afred

20  R. and Hayward D. in violation of plaintiff's Fifth and Fourteenth Amendment rights to due

21  process and equal protection (Complaint ¶¶ 95, 96, 105); (2) police officers illegally

22  searched plaintiff's business in violation of the Fourth Amendment (Complaint, ¶ 106); and

23  (3) Officer Craig manufactured and fabricated evidence at plaintiff's parole revocation

24  hearing in order to ensure a conviction in violation of Plaintiff's Fifth and Fourteenth

25  Amendment rights to due process and equal protection (Complaint, ¶¶ 100-104);

26       Plaintiff seeks injunctive relief and compensatory and punitive damages.

27

28

**DISCUSSION**

Having reviewed the Complaint pursuant to the standards set forth above, the Court has determined that plaintiff's claims do not withstand screening for the following reasons:

**I.    Plaintiff Has Failed to Comply With Federal Rule of Civil Procedure 8**

Federal Rule of Civil Procedure 8(a) states:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Id.  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions."  Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002).  "Each averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e).

Although the Court must construe a pro se plaintiff's complaint liberally, plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest.  Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).  Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Nevijel v. Northcoast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981).

Here, the Complaint does not contain a short and plain statement of plaintiff's claims sufficient to provide each defendant with notice of their allegedly wrongful acts.  See, e.g., Brazil, 66 F.3d at 199.  Plaintiff has not clearly identified the particular affirmative acts or omissions perpetrated by each individual defendant that caused the deprivation of rights of which plaintiff complains.  As stated presently, many of the allegations in the Complaint are vague, conclusory, and lack sufficient particularity to put each individual on notice of the claims against him.

1  **II.     Plaintiff Has Failed to State a <u>Monell</u> Claim Against the City, LAPD, or Any of**

2  **the Defendants in Their Official Capacities.**

3          Plaintiff names the City, LAPD, Chief Bratton, and various police officers as

4  defendants.  He sues Chief Bratton and the officers in their individual and official capacities.

5  Plaintiff has failed to state a claim against any of the individual defendants in their official

6  capacities.  The Supreme Court has held that an "official-capacity suit is, in all respects

7  other than name, to be treated as a suit against the entity."  <u>Kentucky v. Graham</u>, 473 U.S.

8  159, 166 (1985); <u>see</u> <u>also</u> <u>Brandon v. Holt</u>, 469 U.S. 464, 471-72 (1985); <u>Larez v. City of</u>

9  <u>Los Angeles</u>, 946 F.2d 630, 646 (9th Cir. 1991).  Such a suit "is not a suit against the official

10 personally, for the real party in interest is the entity."  <u>Graham</u>, 473 U.S. at 159.

11         Furthermore, the Supreme Court has held that a local government entity such as the

12 City or LAPD "may not be sued under § 1983 for an injury inflicted solely by its employees

13 or agents.  Instead, it is only when execution of a government's policy or custom, whether

14 made by its lawmakers or by those whose edicts or acts may fairly be said to represent

15 official policy, inflicts the injury that the government as an entity is responsible under §

16 1983."  <u>Monell v. New York City Dep't. of Social Services</u>, 436 U.S. 658, 694 (1978).

17 Neither the City nor LAPD can be held liable for the alleged actions of its officers unless "the

18 action that is alleged to be unconstitutional implements or executes a policy statement,

19 ordinance, regulation, or decision officially adopted or promulgated by that body's officers,"

20 or if the alleged constitutional deprivation was "visited pursuant to a governmental 'custom'

21 even though such a custom has not received formal approval through the body's official

22 decision-making channels."  <u>Monell</u>, 436 U.S. at 690-91; <u>see</u> <u>also</u> <u>Redman v. County of San</u>

23 <u>Diego</u>, 942 F.2d 1435, 1443-44 (9th Cir. 1991).

24         Here, plaintiff has failed to identify any policy statements, regulations, officially

25 adopted or promulgated decisions, customs, or practices by which any defendant allegedly

26 inflicted the injuries about which plaintiff is complaining.  The Court, therefore, finds that the

27 allegations of the Complaint are insufficient to state a claim upon which relief may be

28 granted against the City, LAPD, or any individual defendant in his official capacity.

1 **III.     Plaintiff Has Failed to State a Claim Against Defendant Bratton in His Individual**

2 **Capacity.**

3        To state a claim against a particular individual defendant for violation of his civil rights

4 under 42 U.S.C. § 1983, plaintiff must allege that the defendant, acting under color of state

5 law, deprived plaintiff of a right guaranteed under the Constitution or a federal statute.

6 Karim-Panahi, 839 F.2d at 624.  "A person deprives another 'of a constitutional right, within

7 the meaning of section 1983, if he does an affirmative act, participates in another's

8 affirmative acts, or omits to perform an act which he is legally required to do that causes the

9 deprivation of which [the plaintiff complains].'"  Leer v. Murphy, 844 F.2d 628, 633 (9th Cir.

10 1988), quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

11        Thus, supervisory personnel generally are not liable under § 1983 on any theory of

12 respondeat superior or vicarious liability in the absence of a state law imposing such liability.

13 Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991); Hansen v. Black, 885

14 F.2d 642, 645- 46 (9th Cir. 1989).  A supervisory official may be liable under § 1983 only if

15 the official was personally involved in the constitutional deprivation, or if there was a

16 sufficient causal connection between the supervisor's wrongful conduct and the

17 constitutional violation.  Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; see also

18 Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680 (9th Cir. 1984).

19        Here, plaintiff alleges that Police Chief William J. Bratton "is responsible for the

20 administration and every day operation of the los Angeles police department including the

21 conduct of the officers and the hiring and the firing and administration of a policy and

22 procedures of the Los Angeles police department." (Complaint at 2.)  A federal civil rights

23 claim may not be based on a defendant's supervisory position.  Plaintiff fails to allege that

24 Chief Bratton did an affirmative act, participated in another's affirmative act, or failed to

25 perform an act that he was legally required to do that caused the deprivations of which

26 plaintiff complains.  Therefore, the allegations of the Complaint are insufficient to state a

27 federal civil rights claim against Chief Bratton in his individual capacity.

28

1  **IV.    Plaintiff Has Failed to State a Due Process or Equal Protection Claim Based On**

2  **the Officers' Failure to Investigate the Sexual Assault and Robbery**

3  Plaintiff alleges that "[t]he failure of the defendants to hold [Alfred R. and Hayward D.]

4  responsible and to investigate [their] outrageous crime against the plaintiff" violated

5  plaintiff's rights to due process and equal protection.  (Complaint, ¶ 105; see also id., ¶ 95.)

6  Plaintiff alleges that this refusal to investigate resulted in plaintiff being defamed, wrongfully

7  arrested, convicted, and incarcerated, and losing his business and home.  (Complaint, ¶¶

8  88-96.)  He appears to allege that the officers failed to investigate the alleged crimes against

9  him because he was on parole.  (See Complaint, ¶¶ 67, 96.)

10  "The Due Process Clause of the Fourteenth Amendment provides that '[n]o State ...

11  shall deprive any person of life, liberty or property, without due process of law.'"  DeShaney

12  v. Winnebago County Dept. Of Social Services, 489 U.S. 189, 194 (1989).  However,

13  nothing in the language of the Due Process Clause "requires the State to protect the life,

14  liberty and property of its citizens against invasion by private actors."  Id. at 195.  Therefore,

15  state officials have no constitutional duty to protect the public from crime absent a special

16  relationship between the state official and a particular member of the public, which only

17  arises when the State restrains an individual's freedom to act on its own behalf.  See id. at

18  200; see also Balistreri, 901 F.2d at 699-700.  Moreover, police officers do not have an

19  affirmative duty to investigate crimes in a particular manner or to protect one citizen from

20  another.  See Gini v. Las Vegas Metro. Police Dept., 40 F.3d 1041, 1045 (9th Cir. 1994).

21  Here, the officers investigated the incident by interviewing plaintiff, Alfred R., and

22  Hayward D.  The officers gathered evidence, including documents from Alfred R., and

23  Hayward D. and evidence from plaintiff's business.  Plaintiff told police that Alfred R. and

24  Hayward D. had assaulted and robbed him.  It appears that Alfred R. and Hayward D. told a

25  different story.  Ultimately, plaintiff had a parole revocation hearing on charges of lewd and

26  lascivious acts upon a minor.  He appears to have been found guilty.  Officer Wright testified

27  at the parole revocation hearing that he did not believe plaintiff's version of events.  Officer

28

1  Vinton also told plaintiff on the day of the incident that he did not believe plaintiff's version of

2  events.

3        The officers had no affirmative duty to investigate the situation in the manner plaintiff

4  demanded.  Moreover, an inadequate investigation by police officers is not sufficient to state

5  a § 1983 claim unless another recognized constitutional right is involved, such as failure to

6  protect against discrimination.  See Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir.1985).

7  Accordingly, even if the officers conducted an inadequate investigation, plaintiff cannot

8  sustain a § 1983 claim against the officers for failure to investigate plaintiff's claims against

9  Alfred B. and Hayward D.

10 **V.     Plaintiff Has Failed to State a Claim for Violation of His Fourth Amendment**

11 **        Rights**

12       Plaintiff claims that the officers' search of his business violated the Fourth

13 Amendment because they did not have a warrant.  However, plaintiff was on parole at the

14 time of the search, and the officers did not need a warrant or permission to search plaintiff's

15 business.  California law requires:

16       Any inmate who is eligible for release on parole pursuant to this chapter shall agree

17       in writing to be subject to search or seizure by a parole officer or other peace officer

18       at any time of the day or night, with or without a search warrant and with or without

19       cause.

20 Cal. Penal Code § 3067.  This statute was upheld by the Supreme Court in Samson v.

21 California, 547 U.S. 843, 857 (2006), which found that a suspicionless search of a parolee,

22 conducted under the authority of § 3067, does not violate the Fourth Amendment.  Id.; see

23 also U.S. v. Dixon, 217 Fed. Appx. 712 (9th Cir. 2007).  Under California law, a

24 suspicionless search of a parolee is lawful "as long as it is not arbitrary, capricious or

25 harassing."  People v. Reyes, 19 Cal.4th 743, 752 (1998) (cited in Samson, 547 U.S. at

26 847).

27       The facts stated by plaintiff indicate that the search of his business was not

28 "suspicionless."  Rather, it was based on the officers' investigation, including the statements

9

1  of Alfred B. and Hayward D.  Even if the search was suspicionless, plaintiff has not alleged

2  any facts that would show that it was arbitrary, capricious or harassing.  Moreover, even if

3  plaintiff can demonstrate that the search was unlawful, he also must show that it caused him

4  actual, compensable injury separate from the injury of his parole revocation.  See Memphis

5  Community School Dist. v. Stachura, 477 U.S. 299, 308 (1986); see also Heck v.

6  Humphrey, 512 U.S. 477, 487 n.7 (1994).

7      Accordingly, the Fourth Amendment claim is dismissed.  Although it does not appear

8  that plaintiff can articulate any set of facts consistent with the facts already pled in the

9  Complaint that would state a Fourth Amendment claim, the Court will allow plaintiff leave to

10  amend.

11  **VI.     Plaintiff Has Failed to State a Due Process or Equal Protection Claim Based On**

12  **Officer Craig Manufacturing and Fabricating Evidence at the Parole Revocation**

13  **Hearing**

14      Plaintiff alleges that Officer Craig manufactured and fabricated evidence at his parole

15  revocation hearing in order to ensure a conviction.  (Complaint, ¶ 103.)

16      To the extent that plaintiff is attempting to state a civil rights claim based on malicious

17  prosecution, he has failed to do so.  "In order to prevail on a § 1983 claim of malicious

18  prosecution, a plaintiff 'must show that the defendants prosecuted [him] with malice and

19  without probable cause, and that they did so for the purpose of denying [him] equal

20  protection or another specific constitutional right.'"  Awabdy v. City of Adelanto, 368 F.3d

21  1062, 1066 (9th Cir. 2004) (quoting Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th

22  Cir. 1995)).  "Malicious prosecution actions are not limited to suits against prosecutors but

23  may be brought . . . against other persons who have wrongfully caused the charges to be

24  filed."  Awabdy, 368 F.3d at 1066 (citations omitted).  "An individual seeking to bring a

25  malicious prosecution claim must generally establish that the prior proceedings terminated

26  in such a manner as to indicate his innocence."  Id. at 1068.

27      Here, plaintiff has not made any factual allegations to establish that any prior

28  proceeding terminated in a manner to indicate his innocence.  Rather, it appears that he

10

1  was convicted of the parole violation.  Accordingly, he fails to state a § 1983 claim of

2  malicious prosecution.

3  Plaintiff's claim against Officer Craig also appears to be barred by Heck v. Humphrey,

4  512 U.S. 477 (1994), in which the Supreme Court held that, "in order to recover damages

5  for allegedly unconstitutional conviction . . . or for other harm caused by actions whose

6  unlawfulness would render a conviction or sentence invalid,  a § 1983 plaintiff must prove

7  that the conviction" has been reversed, expunged, invalidated, or called into question by the

8  granting of a habeas petition.  Id. at 486-87.  If "a judgment in favor of the plaintiff would

9  necessarily imply the invalidity of his conviction," the claim must be dismissed "unless the

10 plaintiff can demonstrate that the conviction [] has been invalidated."  Id. at 487.  Here, it

11 appears that a successful showing that Officer Craig fabricated evidence and gave false

12 testimony in order to convict plaintiff would necessarily imply the invalidity of plaintiff's

13 conviction of a parole violation.  Accordingly, plaintiff's claim is barred by Heck and must be

14 dismissed.

15 As with his other claims, plaintiff will be given leave to amend and, to the extent that

16 he is able, cure this deficiency.  If plaintiff chooses to amend this claim, he must articulate

17 sufficient facts to demonstrate the particular evidence he claims Officer Craig fabricated and

18 how granting his claim would not necessarily imply the invalidity of his conviction of a parole

19 violation.

20 * * * * * * * * *

21 For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO**

22 **AMEND**.

23 If plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended

24 Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies

25 discussed above.  Defendant must name separately each individual defendant against

26 whom he brings his claims, identify clearly the basis for each of his claims, and articulate the

27 connection between each named defendant and each claim.

28

1   If plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket

2   number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out

3   exactly in accordance with the directions on the form; and (4) be complete in and of itself

4   without reference to the previous complaints or any other pleading, attachment or

5   document.  The Clerk is directed to provide plaintiff with a blank Central District of California

6   civil rights complaint form, which plaintiff must fill out completely and resubmit.  Plaintiff must

7   write legibly.

8   **Plaintiff is admonished that, if he fails to file a First Amended Complaint by the**

9   **deadline set herein, the Court will recommend that this action be dismissed on the**

10  **grounds set forth above for failure to prosecute and for failure to comply with a Court**

11  **order.**

12

13  DATED: <u>March 8, 2010</u>            <u>/s/ John E. McDermott</u>
                                        JOHN E. MCDERMOTT
14                                      UNITED STATES MAGISTRATE JUDGE

12